**NOT FOR PUBLICATION**

```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JOHN R. DEMOS, | |
| Petitioner, | Civil No. 10-1366 (DRD) |
| v. | |
| UNITED STATES OF AMERICA, et al., | **OPINION** |
| Respondents. | |

**APPEARANCES:**

> JOHN R. DEMOS, Petitioner pro se
> #287455-H-3-A-2
> Stafford Creek Correctional Center
> 191 Constantine Way
> Aberdeen, Washington 98520

**DEBEVOISE, District Judge**

This matter is before the Court on the petition of John R. Demos ("Demos") for habeas corpus relief under 28 U.S.C. §§ 2241 and 2254. It appears that Demos is challenging his 1978 Washington state court conviction. He has failed to pay the filing fee or submit an application to proceed in forma pauperis. Demos states that he is presently confined at the Stafford Creek Correctional Center in Aberdeen, Washington. For the reasons set forth below, the Court will dismiss the petition for lack of jurisdiction.

I. DISCUSSION

A.   Sua Sponte Dismissal

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

B. § 2241 Jurisdiction

Section 2241 constitutes the general habeas corpus statute under which federal prisoners may seek relief for claims of unlawful custody. A petition brought under § 2241 challenges the very fact or duration of physical imprisonment, and seeks a determination that the petitioner is entitled to immediate

release or a speedier release from that imprisonment.[1]  Preiser v. Rodriguez, 411 U.S. 475, 484-86, 500 (1973).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001).  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence."  Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976)(challenging erroneous computation of release date).  See also Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973)(where petitioner alleged a claim for credit for time served prior to federal sentencing).

Here, Demos appears to be challenging the validity of his 1978 Washington state court conviction, not the manner in which his sentence is being executed.  Therefore, there is no § 2241 jurisdiction in this matter.

Moreover, jurisdiction over a § 2241 habeas petition is limited to the district where the petitioner is being held in

---

[1]  Section 2241 of Title 28 of the United States Code provides in relevant part:
> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

custody. 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 434-36 (2004); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 500 (1973)(personal jurisdiction over a federal habeas corpus petition pursuant to 28 U.S.C. § 2241 lies in the federal judicial district in which the custodian of the petitioner resides); Ahrens v. Clark, 335 U.S. 188 (1948); Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994)("[a] district court's habeas corpus jurisdiction is territorially limited and extends only to persons detained and custodial officials acting within the boundaries of that district"); United States v. Kennedy, 851 F.2d 689, 690 (3d Cir. 1988); Valdivia v. Immigration and Naturalization Serv., 80 F. Supp. 2d 326, 332-333 (D.N.J. 2000).

Here, Demos is admittedly confined at state correctional facility in Aberdeen, Washington, and was confined there at the time he filed his petition. He currently remains confined in Washington, serving a life sentence. Therefore, this Court has no personal jurisdiction pursuant to 28 U.S.C. § 2241(a).

C. § 2254 Jurisdiction

Demos also asserts jurisdiction under 28 U.S.C. § 2254. Section 2254(a) provides that:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

4

The proper respondent to a petition for a writ of habeas corpus under § 2254 is the petitioner's custodian.  Section 2243 of Title 28 of the United States Code provides that the writ of habeas corpus shall be directed to the person having custody of the person being detained.  See also 28 U.S.C. § 2242 (which requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]"); Rules Governing Section 2254 Cases in the United States District Court, Rule 2(a).  Thus, the warden of the facility where the petitioner is held is an indispensable party respondent, for want of whose presence the petition must be dismissed.  See Morehead v. California, 339 F.2d 170, 171 (9th Cir. 1964).

Furthermore, the district court deciding the petition must have personal jurisdiction over the petitioner's custodian.  See 28 U.S.C. 2241(d); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 500 (1973).  Here, this Court does not have personal jurisdiction over Demos' custodian at the Stafford Creek Correctional Center in Aberdeen, Washington.  Moreover, Demos is challenging a Washington state court judgment of conviction.

Therefore, venue of this habeas petition would lie in a district court in the state of Washington because the state court that convicted and sentenced Petitioner lies within its jurisdiction.  28 U.S.C. § 2241(d).  The district court in Washington would have personal jurisdiction over the Petitioner

5

and the proper respondents, see Braden, supra, subject matter jurisdiction under 28 U.S.C. § 2254, and proper venue pursuant to 28 U.S.C. § 2241 (d).

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  Here, transfer of the habeas action to the United States District Court for the Western District of Washington would not be in the interest of justice.  See 28 U.S.C. § 1631 (if federal court lacks personal jurisdiction, it "shall transfer" action to court with jurisdiction if doing so is in "interest of justice"); Goldlawr v. Heiman, 369 U.S. 463 (1962); Cruz-Aguilera v. Immigration and Naturalization Serv., 245 F.3d 1070, 1074 (9th Cir. 2001); Valdivia, 80 F. Supp. 2d at 333; J. Liebman, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE § 10.2(c) (1998).

Petitioner is a frequent filer, and in fact, previously sought to file a federal habeas action in this District Court, which was then transferred to the Western District of Washington. See Demos v. Governor of New Jersey, Civil No. 03-5452 (KSH). Consequently, this action would appear to be duplicative, or a second or successive habeas petition, which is not permitted without leave of the United States Court of Appeals for the

district in which Demos was convicted, and therefore, should be dismissed. See 28 U.S.C. § 2244(b)(1).

Moreover, the petition fails to comply with Rule 2(c) of the Section 2254 Habeas Rules, which requires that the petition specify the grounds for relief and the facts supporting each ground. See Rule 2(c)(1) and (2)) of the Section 2254 Habeas Rules. The petition utterly fails to satisfy this pleading requirement, and is nothing more than a jumble of incoherent references to treaties, case law and statutes without any factual support.

Therefore, the Court will dismiss this habeas action for lack of jurisdiction under either 28 U.S.C. § 2241 or § 2254.

## II.   CONCLUSION

For the reasons set forth above, the petition will be dismissed with prejudice in its entirety because this District Court lacks jurisdiction over the matter. An appropriate order follows.

                                        *s/Dickinson R. Debevoise*
                                      DICKINSON R. DEBEVOISE
                                      United States District Judge

Dated: October 4, 2010